# Francis Perry and Stephen Headly, plaintiffs in error, *vs.* William Benner, defendant in error.

### *Error to Muscatine.*

On a certiorari in pursuance of the act of January 14, 1840, if the bond is substan-
tially defective, it cannot be amended and the defect supplied in the District Court.
The certiorari authorized by this act is only another mode of taking an appeal. In an
appeal proper, the statute expressly gives the right to correct a defective bond ; not
so in the certiorari act, and the court will not allow an amendment and thereby
enlarge the opportunity for a second jury trial.

Benner sued Perry and Headly before Washburn, justice, on a note
for $25,00 and obtained judgment. The defendants removed the case
upon a certiorari to the District Court. Here a motion was made by
Benner to quash the writ of certiorari for the want of a sufficient bond.
Whereupon Headly and Perry offered to execute a good and sufficient
one, to which Benner objected, and the objection was sustained, the cer-
tiorari dismissed, and a procedendo awarded. These are the errors
complained of and for which the plaintiffs on certiorari seek to reverse
the judgment of the District Court.

HASTINGS, for plaintiffs in error.

WHICHER, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The only question pre-
sented by this case is, whether in case of a writ of certiorari, issued in
pursuance of the act of January 14, 1840, if the bond is substantially
defective, such defect may be supplied in the District Court so as to pre-
serve the writ from being quashed. The certiorari authorized by that
act, is only another mode of taking an appeal. The only substantial
difference being, that in the one case the party has seven, in the other,
thirty days within which to appeal. In the case of an appeal proper,
the statute expressly gives the right to correct a defective bond ; in rela-
tion to a certiorari, no such provision is contained. If the legislature
had desired to give the same right of amendment in the latter as in the
former case, they might easily have so declared. It is hardly expedient
to strain the law in order to enlarge the opportunity to obtain a second

jury trial. As the case stood when this writ was issued, the party has an opportunity for a jury trial in the justice's court. If dissatisfied he can appeal within seven days, and in case his appeal bond is defective it can be amended in the District Court. If he allows this time to pass, he may within thirty days from the time of trial bring the case up to the District Court for a full hearing before a jury. But in this case the law requires as a prerequisite, the filing of a sufficient bond, and makes no mention of the power to amend. We do not think it necessary to go beyond the letter of the law in this particular. The facility for appeal has already grown to be an evil.

A certiorari, as elsewhere generally understood, is nearly equivalent to a writ of error. It merely brings up the case from the justice's court to enquire into and correct errors of law. Such a writ should be favored in the higher courts. The authorities cited by the counsel for plaintiffs in error, were, we think, all in cases of writs of this nature, and therefore not applicable to the case at bar, for the reason above stated. We think the ruling of the court below was correct.

Judgment affirmed.